[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a full hearing at trial, the court finds as follows:
Defendant Joseph Magaraci, as member of plaintiff credit union and defendant as co-borrower, signed a promissory note and security agreement dated September 8, 1987 borrowing $3,464.66 including the finance charges. Defendant Joseph Magaraci made payments on the principal amount of $876.31 before he retired and found himself unable to pay further.
On the form entitled Consumer Credit Disclosure Form, Promissory Note Security Agreement, there is a section entitled Credit Insurance Schedule and this section covers both Credit Life Insurance and Credit Disability Insurance separately. Boxes can be checked for coverage desired. On the form in question, the box Under Credit Life Insurance is checked under "Yes" for Joint Coverage. A box is checked under "Yes" for Credit Disability Insurance. The box for disability insurances does not indicate whether such coverage is single or joint as it does under Credit Life Insurance. However, on the signature lines immediately below where both defendants signed is printed below Alan Lane's signature "Signature of Co-Borrower Eligible only for Joint Credit Life" (emphasis added).
Defendant Lane, who was employed as a financing broker, processing second mortgages and working with banks and lending institutions, became disabled as the result of an accident. He claims that the credit disability insurance mentioned in the note should make the payments due on the loan.
This court does not so find but rather finds that defendant Lane was not covered by disability insurance under the provisions of the note and agreement. Therefore, defendants owe plaintiff $3,464.66 less $876.31 paid.
The court also finds that the note signed provided for interest at 15% and costs of collection including attorneys fees. Therefore plaintiff is to recover the principal sum of $2,588.35 plus interest of $481.87 plus an attorneys fee of $375 plus costs of court. CT Page 1548
Judgment shall enter accordingly.
KULAWIZ, J.